## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RICHARD STOVER,**

               **Plaintiff,**      :

      **v.**                                 **Case No. 2:22-cv-1789**
                                                **Judge Sarah D. Morrison**
                                                **Magistrate Judge Chelsey M.**
                                                **Vascura**

**CAREFACTOR,**

               **Defendant.**     :

## OPINION AND ORDER

Plaintiff Richard Stover brings suit under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") [29 U.S.C. § 1132] following a denial of medical benefits under the Gutridge Health Benefits Plan, administered by Defendant CareFactor. (Compl., ECF No. 3.) This matter is before the Court on CareFactor's Motion to Dismiss and Request for Fees. (Mot., ECF No. 7.) Mr. Stover responded in opposition and, in the alternative, seeks leave to amend his Complaint. (Resp., ECF No. 11.) CareFactor replied in support of its motion and opposes Mr. Stover's request for leave to amend. (Reply, ECF No. 14.)

Because Mr. Stover's Complaint contains sufficient factual allegations to infer that CareFactor controlled or influenced Mr. Stover's benefit determination, CareFactor's Motion to Dismiss is **DENIED**. The motion for attorney fees is also **DENIED** and the motion for leave to amend is **DENIED as moot**.

## I.     FACTUAL BACKGROUND

All well-pled factual allegations in the Complaint are considered as true for purposes of the Motion to Dismiss. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016). The following summary draws from the allegations of, and documents integral to and incorporated in, that Complaint.

### A.     The Parties

KE Gutridge established and maintains, for the benefit of its eligible employees, the Gutridge Health Benefits Plan, an employee welfare benefit plan covered under ERISA. (Compl., ¶¶ 3, 18. *See also* Plan, ECF No. 3-2.) Mr. Stover alleges that CareFactor "is the Plan Administrator of the" Plan. (Compl., ¶ 13.)

Mr. Stover is employed by KE Gutridge and is a Plan Participant. (Compl., ¶¶ 2, 18.)

### B.     The Plan

The Plan is a self-funded group health plan. (Plan, PAGEID # 166.) In other words, there is no policy of insurance underlying the Plan's obligations. (*Id.*) Instead, the funding for Plan benefits is "derived from" KE Gutridge's general assets and employee premium contributions. (*Id.*)

Although the Plan lists KE Gutridge as the Employer, Plan Administrator, and Named Fiduciary, it states that "administration is provided through a Third Party Claims Administrator," identified as CareFactor. (*Id.*)

Relevant here, the Plan excludes coverage for "[c]are and treatment of an Injury or Sickness that is occupation – that is, arises from work for wage or profit including self-employment." (Plan, PAGEID # 136.)

### C.    Mr. Stover injured his ankle

In addition to his work for KE Gutridge, Mr. Stover owns and operates a cattle farm. (Compl., ¶ 7–8.) Although he operates his farm for profit, Mr. Stover also raises and butchers cattle for personal consumption. (*Id.*, ¶¶ 9–10.) In early 2021, Mr. Stover was injured when a calf (which he purchased and raised for personal use) kicked his ankle. (*Id.*, ¶ 13.) The kick caused "a severe break" requiring "immediate surgery." (*Id.*, ¶ 15.) Mr. Stover incurred more than $100,000 in medical expenses as a result of the injury. (*Id.*, ¶ 17.)

### D.    CareFactor denied Mr. Stover's claim for Plan benefits

Mr. Stover presented his medical claim to CareFactor for coverage under the Plan. (*Id.*, ¶ 20.) CareFactor sent Mr. Stover a letter denying his claim under the Occupational Exclusion and advising Mr. Stover that CareFactor was "conducting an investigation." (*Id.*, ¶ 21.)

Through counsel, Mr. Stover appealed CareFactor's determination. (*Id.*, ¶ 23.) CareFactor, also through counsel, "reaffirm[ed] their denial of coverage and requested [Mr. Stover] answer . . . additional questions to further explain the injury and applicability of the Plan." (*Id.*, ¶ 24.)

Mr. Stover provided answers to CareFactor. (*Id.*) CareFactor "affirmed the denial of coverage," again citing the Occupational Exclusion. (*Id.*, ¶ 25.)

Mr. Stover again appealed CareFactor's decision. (*Id.*, ¶ 26.) CareFactor again denied. (*Id.*)

3

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III.     ANALYSIS

CareFactor moves to dismiss Mr. Stover's Complaint because it "is simply a non-fiduciary claims administrator" and is, therefore, not a proper party defendant.

(Mot., PAGEID # 176.) Mr. Stover argues in response that he "has sufficiently alleged Defendant CareFactor exercised control or influence over the decision to deny benefits due[.]" (Resp., PAGEID # 205.) Taking all factual allegations as true, Mr. Stover has stated a plausible claim against CareFactor.

There has been considerable disagreement within the federal courts about the proper party defendant to an action for denial of benefits under ERISA § 502(a)(1)(B). *See, e.g.,* Donald T. Bogan, *The Silliness of ERISA: The Plan Is Not the Only Proper Party Defendant in an ERISA Benefits Claim*, 16 MARQ. BENEFITS & SOC. WELFARE L. REV. 395, 408 (2015) (discussing evolution of circuit court split). Although the Supreme Court has not definitively resolved the issue, its decision in *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000) is instructive. There, the High Court sought to determine whether an action under a different subsection, § 502(a)(3), could be maintained against a non-fiduciary. In concluding that ERISA contained no prohibition against such an action, it explained:

> [Section] 502(a)(3) admits of no limit . . . on the universe of possible defendants. Indeed, § 502(a)(3) makes no mention at all of which parties may be proper defendants . . . . Other provisions of ERISA, by contrast, do expressly address who may be a defendant. *See, e.g.*, § 409(a), 29 U.S.C. § 1109(a) (stating that "*[a]ny person who is a fiduciary* with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable" (emphasis added)); § 502(*l*), 29 U.S.C. § 1132(*l*) (authorizing imposition of civil penalties only against a "fiduciary" who violates part 4 of Title I or "any other person" who knowingly participates in such a violation). And § 502(a) itself demonstrates Congress' care in delineating the universe of *plaintiffs* who may bring certain civil actions. *See, e.g.*, § 502(a)(3), 29 U.S.C. § 1132(a)(3) ("A civil action may be brought . . . *by a participant,*

5

> *beneficiary, or fiduciary . . .*" (emphasis added)); § 502(a)(5), 29 U.S.C.
> § 1132(a)(5) ("A civil action may be brought . . . *by the Secretary . . .*"
> (emphasis added)).

*Id*. at 246–47. Despite the clear answer revealed by its textual analysis, the Court

noted its hesitation to "infer[ ] remedies not expressly authorized by the text" both

because of ERISA's "comprehensive and reticulated scheme" and the "alternative

and intuitively appealing interpretation" offered by Salomon Brothers—namely,

"that § 502(a)(3) authorizes suits only against defendants upon whom a duty is

imposed by ERISA's substantive provisions." *Id*. at 247. The Court found the

support it needed in a neighboring link of ERISA's reticulum:

> [Section] 502(*l*) [(which authorizes the Secretary of Labor to pursue
> civil penalties against an "other person" who participates in a plan
> fiduciary's violation)] . . . compels the conclusion that defendant status
> under § 502(a)(3) . . . does not turn on whether the defendant is
> expressly subject to a duty under one of ERISA's substantive
> provisions.

*Id*. at 247–48.

The *Harris Trust* analysis neatly applies here. *See LifeCare Mgmt. Servs. v.*

*Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 843 n.8 (5th Cir. 2013) (applying *Harris Trust*

to § 502(a)(1)(B)). Like § 502(a)(3), § 502(a)(1)(B) identifies the possible plaintiffs in

a claim for benefits, but "admits of no universe on the limit of possible defendants."

*See id*. at 246. To the extent CareFactor argues that it had no obligation to Mr.

Stover under ERISA,[1] Sixth Circuit precedent steps in. Under the standard set out

---

[1] To persuade the Court as to CareFactor's liability (or not) under ERISA
§ 502(a)(1)(B), the parties belabor whether it is, or acted as, a fiduciary. But they
are missing a link in the logical chain: They fail to explain why CareFactor's
fiduciary status matters **in this case**. *See Harris Trust*, 530 U.S. at 248 (permitting
civil action under ERISA to be brought against non-fiduciary).

in *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) and "elaborated on" in *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006), "[t]he question is whether [CareFactor] played any role in controlling or influencing [Mr. Stover's] benefits decision." *Ciaramitaro v. Unum Life Ins. Co.*, 521 F. App'x 430, 438 (6th Cir. 2013).

Mr. Stover has pled sufficient factual allegations to support such an inference. Taking the allegations in the pleadings as true, KE Gutridge played no part in the benefit determination whatsoever. Although the Plan provides that the Plan Administrator (KE Gutridge) "shall have maximum legal discretionary authority" to construe and interpret the Plan, make determinations about eligibility, and resolve disputes, it also provides that the Plan Administrator may "delegate to any person or entity such powers, duties and responsibilities as it deems appropriate." (Plan, PAGEID # 160.) The Plan similarly permits the Named Fiduciary (also KE Gutridge) to appoint others to carry out fiduciary responsibilities under the Plan. (*Id.*, PAGEID # 161.) According to the Complaint, CareFactor received Mr. Stover's claim and subsequent appeals—and, more significantly, CareFactor responded to those appeals. In light of the fact that the Plan assigns responsibility for first-level appeals[2] to the Plan Sponsor (again, KE Gutridge) and the Plan Administrator (*see id.*, PAGEID # 143), it is therefore reasonable to infer that there has been some delegation of authority to CareFactor outside of the Plan document. In other words, as pled, the Complaint alleges that CareFactor exercised

---

[2] The Plan purports to provide a second level of internal appeal but provides no detail on its procedures. (*See* Plan, PAGEID # 142–43.)

sufficient control over the administration of the Plan to support a § 502(a)(1)(B) claim against it. *See Nationwide Children's Hospital v. D.W. Dickey & Son, Inc.*, No. 2:08-cv-1140, 2010 WL 419931 (S.D. Ohio Jan. 27, 2010) (Frost, J.) (denying a third-party administrator's Rule 12(c) on similar grounds); *Pikas v. Williams Cos., Inc.*, 542 F. Supp. 2d 782 (S.D. Ohio 2008) (Dlott, J.) (same, as to Rule 12(b)(6) motion); *Little v. UNUMProvident Corp.*, 196 F. Supp. 2d 659, 672 (S.D. Ohio 2002) (Graham, J.) (same); *Nystrom v. AmerisourceBergen Drug Corp.*, No 13-557(SDS/JJK), 2013 WL 5944254 (D. Minn. Nov. 6, 2013) (same). *But see Harrison v. Teamcare—A Central States Health Plan*, No. 15-60-DLB-CJS, 2015 WL 13637158 (E.D. Ky. Oct. 14, 2015) (declining to follow *Nationwide Children's*).

Of course, the administrative record may reveal that CareFactor exercised little, or no, control over Mr. Stover's benefit determination. But a plaintiff is the master of his complaint. And the wisdom of his choice to sue the claims administrator, and the claims administrator alone, will soon be shown. *See Mein v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001) ("[I]t is silly not to name the plan as a defendant in an ERISA suit[.]").

## IV.   ADDITIONAL MOTIONS

CareFactor moved for an award of attorney fees in addition to its motion to dismiss. (*See* Mot., 7.) Because the motion to dismiss has been denied, the motion for attorney fees is also **DENIED**.

Mr. Stover moved for leave to amend his Complaint "[i]n the alternative, should the Court grant Defendant CareFactor's Motion to Dismiss[.]" (Resp., 13.) Accordingly, the motion for leave is **DENIED as moot**.

8

Finally, because there is every indication that this litigation will press on, the Court reminds **counsel for both parties** of their obligation under the Local Rules and this Court's Standing Orders to conduct themselves with civility. S.D. Ohio Civ. R., Introductory Statement on Civility; Hon. Sarah D. Morrison Standing Order re: Filings and Decorum, ¶ 1. Neither plaintiff's counsel's conduct before the Motion was filed, nor the tone taken by defendant's counsel in its briefing, are reflective of the common courtesy and respect this Court expects.

## V.      CONCLUSION

For the reasons set forth above, CareFactor's Motion to Dismiss and Request for Fees (ECF No. 7) is **DENIED**. Mr. Stover's Motion for Leave to Amend his Complaint (ECF No. 11) is **DENIED as moot**.


**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**